IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01499-ZLW-KMT

SHAABAN SHAABAN HAFED,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
RON WILEY, and
ROD BAUER,
sued in their official capacities,

    Defendants.

---

# ORDER

---

This matter is before the court on Defendants' "Emergency Motion to Strike Docs. 233, 237, 240, 241, 242 and 243." [Doc. No. 246, filed February 12, 2009].

The Emergency Motion requests that the court strike a number of motions filed by the plaintiff for failure to comply with the District of Colorado Local Rule of Civil Practice 7.1(A). This Rule provides

> **A. Duty to Confer.** The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule. *Id.*

The court has reviewed plaintiff's motions document numbers 233, 237, 240, 241, 242 and 243 and found that none of these motions contained the required statement of conferral or attempted conferral in the motion or in an attached certificate. None of the motions sets forth any effort made by the plaintiff to confer with opposing counsel before filing the motion. In fact, the Emergency Motion states that plaintiff actively and willfully refused to confer with opposing counsel when she attempted to confer over the Emergency Motion. (Mot. at 2).

The Tenth Circuit has cautioned that *pro se* litigants "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("[W]e have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders."(citing cases)). The Local Rules of Practice for the District of Colorado (effective April 15, 2002 with updates through January 1, 2008) require all parties to confer on motions and other disputes before a motion is filed. D.C.Colo.LCivR 7.1A; *see also Visor v. Sprint*, 1997 WL 796989 (D. Colo. 1997).

The plaintiff, an inmate at ADX-Florence and subject to the special security provisions of S.A.M.S., will no doubt argue that the duty to confer poses a hardship on him. However, the court notes that the plaintiff has no trouble complying with the requirement that he serve opposing counsel with copies of the motions he is filing in the court. He clearly has the ability to send mail to Ms. Prose, attorney for the defendants. He also equally clearly has no trouble submitting motion after motion to this court on a variety of topics. The duty to confer can be easily accomplished by mail prior to the filing of the motion.

Therefore, it is **ORDERED**

Defendants' "Emergency Motion to Strike Docs. 233, 237, 240, 241, 242 and 243."

[Doc. No. 246] is **GRANTED** to the following extent:

1. Plaintiff's Motions Doc. No. **233**, Emergency Restraining Order to Stop the Prison's Obstruction of Justice in Delaying Court's Mail and Other Unlawful Acts; Doc. No. **237**, Emergency Restraining Order to Freeze SAMS Starting of Feb. 10, 2009 in the Interest of Justice; Doc. No. **240**, Request for Leave to Allow Plaintiff to Communicate with Witnesses - Experts Under Rule 702 of Fed. R. of Evidence; Doc. No. **241**, Request for Order for Urgent Relief from an Imminent Threat to His Life Caused by the Inadequate, Ineffective with Side Effects Medications; Doc. No. **242**, Request for Leave to Allow Plaintiff to Communicate with Potential Attorneys to Choose One to Represent Him at this Trial; and, Doc. No. **243**, Motion for Imposing Sanctions Against Defendants' Attorney Ms. Prose for Repeatedly, Knowingly and Deliberately Using Illegal Name in Filed Motions for Racial Profile Purpose and in Contempt with Court Order Issued on 1997 are **STRICKEN**.

2. Hereinafter, for any motion filed by the plaintiff and referred for ruling or recommendation to this Magistrate Court, the Defendants shall not be required to respond except upon specific Order by this Court.

Further,

Plaintiff is **ORDERED to confer in good faith** regarding motions and other filings in this court, whether they are to be filed by the plaintiff or by the defendants. **Rule 37(b)(2)(A) (ii)-(vii), permits the following sanctions for violation of the court's orders**:

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

**(v) dismissing the action or proceeding in whole or in part;**

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as **contempt of court** the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Dated this 13th day of February, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge