IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01499-ZLW-KMT

SHAABAN SHAABAN HAFED,

    Plaintiff,
v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
RON WILEY, and
ROD BAUER,
sued in their official capacities,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion for Leave to File Second Amended Complaint" (Doc. No. 201) filed November 13, 2008. Defendants filed their response to the motion on November 28, 2008 (Doc. No. 217).

Plaintiff filed his original complaint on July 16, 2007. (Doc. No. 3). At the time, Plaintiff was proceeding *pro se*. In the scheduling conference held February 26, 2008, the court granted the plaintiff appointment of counsel to represent him on a pro bono basis. On May 23, 2008, Michael Mihm and Elizabeth Hyatt of the law firm of Starrs Mihm & Caschette LLP entered their appearances on behalf of Plaintiff. On July 7, 2008, Plaintiff, through his counsel, filed a motion to amend his complaint. (Doc. No. 110.) The court granted the motion, and the

First Amended Complaint was filed on August 4, 2008. (Doc. Nos. 117, 119.) On August 5, 2009, Plaintiff's counsel filed a motion to withdraw, citing "significant disagreement" between themselves and the plaintiff. (Doc. No. 122.) The court denied this motion on August 15, 2008 (Doc. No. 132), and on August 29, 2008, Plaintiff's counsel filed a second motion to withdraw. (Doc. No. 150.) The court held a hearing on the motion to withdraw on October 3, 2008, and at that time the motion was granted. (Doc. No. 175.)

Plaintiff filed the motion to amend on November 13, 2008, seeking to reinstate the original complaint filed on July 16, 2007. Plaintiff's original complaint named the director of the Federal Bureau of Prisons as his only defendant and asserted claims that the Special Administrative Measures (SAMs) imposed on him violated his First, Fourth, Fifth, Sixth, and Eight Amendment rights. (Doc. No. 3.) Then-defendant Lappin filed a motion to dismiss the complaint for lack of jurisdiction, asserting he, as a government official being sued in his official capacity, is immune from suit. (Doc. No. 26.)

Plaintiff's First Amended Complaint asserts claims against the Federal Bureau of Prisons, the United States Attorney General, the director of the Bureau of Prisons, and the warden of the United States Penitentiary at which Plaintiff is housed. (Doc. No. 119.) Plaintiff again asserts defendants have violated his First, Fourth, Fifth, Sixth and Eighth Amendment rights. (*Id.*)

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp.*

*Dist.*, 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Plaintiff's First Amended Complaint, filed with the assistance of counsel, more clearly articulates the claims and the request for relief than the original complaint. Defendants have filed only a <u>partial</u> motion to dismiss which remains pending before this court. Thus, even if the court grants the motion to dismiss, at least some of Plaintiff's claims will remain. On the other hand, Plaintiff's original complaint is futile, as the lone defendant against whom Plaintiff asserted claims for relief is entitled to immunity and the claims against him would be dismissed for lack of jurisdiction. Plaintiff is in a better position with his First Amended Complaint than he would be with his original complaint.

Therefore, Plaintiff's "Motion for Leave to File Second Amended Complaint" (Doc. No. 201) is DENIED.

3

Dated this 3rd day of March, 2009.

                                            **BY THE COURT:**

                                            Kathleen M. Tafoya
                                            United States Magistrate Judge