IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01499-ZLW-KMT

SHAABAN SHAABAN HAFED,

    Plaintiff,
v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
RON WILEY, and
ROD BAUER,
sued in their official capacities,

    Defendants.

---

# ORDER

---

    This matter is before the court on a review of the file and the pending motions. It is ORDERED as follows:

    1.    "Defendants' Motion for an Order to Correct Caption to Reflect Plaintiff's Legal Name" (Doc. No 176) is DENIED. Defendants request that the court change the caption to reflect Plaintiff's legal name, Shaaban Hafiz Ahmad Ali Shaaban "[i]n the interest of insuring that the pleadings filed in this case reflect true and accurate information . . . and to maintain consistency with the judicial records in Plaintiff's criminal matter in the Southern District of Indiana." (*Id.*, ¶ 4.) Plaintiff did not specifically respond to this motion; however he denies that Shaaban Hafiz Ahmad Ali Shaaban is his legal name and states that it is the name of his identical

twin brother.  (*See* Doc. Nos. 190, 243.)  The court finds that this case is unrelated to Plaintiff's criminal action in the Southern District of Indiana and, therefore, it is unnecessary to change the caption in this case to reflect Plaintiff's alleged legal name.

2.	Plaintiff's "Motion request for imposing sanctions upon Ms. Susan Prose, defendants' attorney to her attempt to deceive and mislead the court in her knowingly filed motion for an order to correct Plaintiff's name to illegal name in contempt of other court order" (Doc. No. 190) shall be construed as a response to the motion to correct the caption (Doc. No. 176) and therefore shall be DENIED as moot.  With respect to the motion for sanctions, the court does not believe the motion to change the caption was done in bad faith or in attempt to deceive the court.

3.	In light of the rulings on documents 176 and 190, "Defendants' Motion to Strike Plaintiff's Motion for Sanctions" (Doc. No. 194) is DENIED as moot.

4.	Plaintiff's "Motion request for reconsidering the erroneous court order issued on Oct. 17, 2008 because it is contradictory and abuse of discretion" (Doc. No. 196) is DENIED as moot, as Senior Judge Zita L. Weinshienk overruled Plaintiff's appeal of this court's minute order dated October 17, 2008.  (*See* Doc. No. 245.)  Judge Weinshienk found the rulings made by this court were neither clearly erroneous nor contrary to law.

5.	"Defendant's Motion to Strike 197, 199, 200, 202 and 208" (Doc. No. 215); "Defendants' Motion to Strike Doc. 218 and 220" (Doc. No. 224); and "Defendants' Motion to Strike Doc. No. 226" (Doc. No. 228) are GRANTED.  Defendants request that the court strike

these motions for Plaintiff's failure to comply with the District of Colorado Local Rule of Civil Practice 7.1A. This Rule provides:

> A. Duty to Confer. The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

*Id.* The court has reviewed Plaintiff's motions numbers 197, 199, 200, 202, 208, 218, 220, and 226, and finds that none of these motions contain the required statement of conferral or attempted conferral in the motion or in an attached certificate. None of the motions sets forth any effort made by the plaintiff to confer with opposing counsel before filing the motion. To the contrary, it appears Plaintiff is refusing to confer with opposing counsel. (*See* Doc. 215, Ex. A; Doc. 224, Ex. A; Doc. 228, Ex. A-1.) The special security provisions imposed on Plaintiff do not keep him from communicating with defendants' counsel. (*See* Doc. 215 at ¶ 2.) Therefore, document numbers 197, 199, 200, 202, 208, 218, 220, and 226 are STRICKEN. Plaintiff is ORDERED to confer in good faith regarding motions and other filings in this court, whether they are to be filed by the plaintiff or by the defendants. Plaintiff is reminded of the sanctions that may be imposed for failure to comply with the court's orders, as set forth in its previous order dated February 13, 2009 (Doc. No. 248).

Dated this 2nd day of March, 2009.

                                        **BY THE COURT:**

                                        _____
                                        Kathleen M. Tafoya
                                        United States Magistrate Judge