IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01499-ZLW-KMT

SHAABAN SHAABAN HAFED,

    Plaintiff,
v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
RON WILEY, and
ROD BAUER,
sued in their official capacities,

    Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff's "Motion for reconsideration the denial of 'motion for leave to file Second Amended Complaint,' as plain error not harmless" (Doc. No. 277, filed March 12, 2009) and Plaintiff's "Motion for reconsideration orders which stricken plaintiff's motions as plain error, not harmless and violation of U.S. Constitution by the Unqualify Magistrate Judge" (Doc. No. 278, filed March 12, 2009).

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.

1991).  Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment, and Fed. R. Civ. P. 60(b) will govern all other motions.  *Id.*

A motion to reconsider under Rule 59(e) is limited to a narrow set of circumstances: it "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . .  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver*, 952 F.2d at 1243).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  This same standard has been applied to both Rule 59(e) motions, *see id.*; *Schlussler-Womak v. Chickasaw Tech Prod.*, 116 Fed. Appx. 950 (10th Cir. 2004) (unpublished), and Rule 60(b) motions, *see Lyons v. N.M. Dep't of Corr.*, 12 Fed. Appx. 772, 773 (10th Cir. 2001) (unpublished); *Adams v. Anderson*, 12 Fed. Appx. 910, 914 (10th Cir. 2001) (unpublished).  Rule 60(b) itself, however, provides explicit reasons for which relief may be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir.1990).

Here, as to the motion to reconsider the order denying Plaintiff's motion to amend his complaint, the plaintiff filed his motion within ten days of my Order (Doc. No. 267). Therefore, the motion is analyzed under Rule 59(e). With respect to the order denying Plaintiff's motion to amend his complaint, the court finds it did not misapprehend the facts, Plaintiff's position, or the controlling law. In addition, the court declines to revisit the issues already addressed by Plaintiff. Accordingly, the "Motion for reconsideration the denial of 'motion for leave to file Second Amended Complaint,' as plain error not harmless" (Doc. No. 277) is **DENIED.**

As to the motion to reconsider the order striking certain of Plaintiff's motions, it is unclear to which of this court's orders Plaintiff refers. However, Plaintiff argues he does not have to comply with local rule 7.1A and confer with opposing counsel because he sends her copies of each motion he files. In addition, Plaintiff asserts he has conferred with ADX prison administration. These arguments are nonsensical. To the extent Plaintiff is requesting reconsideration of my orders dated March 2, 2009 (Doc. No. 269) and March 3, 2009 (Doc. No. 270), Rule 69 will govern. Again here, the court finds it did not misapprehend the facts, Plaintiff's position, or the controlling law. In addition, the court declines to revisit the issues already addressed by Plaintiff.

To the extent Plaintiff requests reconsideration of my orders issued prior to March 2, 2009, the motion must be analyzed as a Rule 60(b) motion. In his motion for reconsideration,

Plaintiff fails to present any grounds for amendment under the Rule 60(b) standards. Therefore, I conclude that there is no reason to alter or amend my previous orders. Accordingly, the "Motion for reconsideration orders which stricken plaintiff's motions as plain error, not harmless and violation of U.S. Constitution by the Unqualify Magistrate Judge" (Doc. No. 278) is **DENIED**.

Dated this 16th day of March, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge