IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 07-cv-01499-ZLW-KMT

SHAABAN SHAABAN HAFED,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS;
MICHAEL MUKASEY;
HARLEY LAPPIN;
RON WILEY; and
ROD BAUER, sued in their official capacities,

    Defendants.

---

ORDER

---

The matter before the Court is Plaintiff's "Motion For Recusal Under 28 U.S.C.A. § 144 and 28 U.S.C.A. § 455" (Doc. No. 276). Plaintiff's motion requests the recusal of both the undersigned Judge and Magistrate Judge Kathleen M. Tafoya from this case. After referral of the motion to Magistrate Judge Tafoya pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72., on March 16, 2009, Magistrate Judge Tafoya denied that portion of the motion which requested her recusal. This Order addresses that portion of the motion which requests the recusal of the undersigned Judge.

28 U.S.C. § 144 provides that:

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party,

> such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Additionally, under 28 U.S.C. § 455(a) and (b)(1), a federal judge must disqualify himself or herself "in any proceeding in which his [or her] impartiality might reasonably be questioned," or "[w]here he [or she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

Plaintiff has submitted no affidavit in support of his request for recusal, and has not otherwise set forth any facts to support his conclusory allegations of "bias" and "prejudice" on the part of the undersigned Judge. To the extent that Plaintiff believes that rulings by this Court which have been unfavorable to him evidence bias or prejudice against him, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[1] "[I]nvariably, they are proper grounds for appeal, not for recusal."[2] This Court holds no bias or prejudice against Plaintiff. Accordingly, it is

---

[1] Liteky v. United States, 510 U.S. 540, 555 (1994).

[2] Id.

ORDERED that Plaintiff's "Motion For Recusal Under 28 U.S.C.A. § 144 and 28 U.S.C.A. § 455" (Doc. No. 276) is denied to the extent that it seeks recusal of the undersigned Judge.

DATED at Denver, Colorado, this 18th day of March, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court