IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  07-cv-01499-ZLW-BNB

SHAABAN SHAABAN HAFED,

    Plaintiff,
v.

FEDERAL BUREAU OF PRISONS;
MICHAEL MUKASEY;
HARLEY LAPPIN;
RON WILEY; and
ROD BAUER, sued in their official capacities,

    Defendants.
_____

ORDER
_____

The matter before the Court is Plaintiff's "Motion To Alter And Amend The Court Order Issued On Aug. 5, 2009, Dismissed This Action With Prejudice" (Doc. No. 401) (Motion To Alter Or Amend), which the Court treats as a motion to alter or amend the Judgment pursuant to Fed. R. Civ. P. 59(e).  Grounds warranting a motion to alter or amend a judgment under Rule 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[1]  Such a motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not

---

[1] Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[2]

Plaintiff's motion contends, first, that the Court, in dismissing this action, "forgot to accept all factual plaintiff's sickness as true and draw all reasonable inferences in plaintiff's favor."[3]  However, Plaintiff's action was not dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, in which case a "plausibility" standard would have been applied to the facts alleged in Plaintiff's First Amended Complaint,[4] but, rather, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), which permits a Court to dismiss an action where a party has willfully disobeyed a discovery order.  The Court was not required to accept as true Plaintiff's unsupported contention that he was physically unable to speak on March 24, 2009, the date of his deposition.

Plaintiff also asserts, for the first time, that there are six witnesses who can prove that he could not talk for a period of ten days which included March 24, 2009.  However, Plaintiff has not provided the names of these witnesses or submitted any statements from them.[5]  He asserts that the nurse who examined him on March 24, 2009, and testified that she found no evidence of any throat ailment "was entitled to lie" because she is a U.S. Penitentiary Administrative Maximum (ADX) employee, all of whom are a

---

[2] Id. (internal citation omitted).

[3] Motion To Alter Or Amend at 1.

[4] See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)

[5] Plaintiff states that he "mail[ed] [a] declaration from one witness," Motion To Alter Or Amend at 2-3, but does not state to whom the declaration was mailed or when.  The Court has not located any such declaration in the Court file in this case.

"real mafia."[6]  Plaintiff's unsupported accusations are insufficient.  Plaintiff has submitted no new facts or evidence indicating that he was physically unable to talk on March 24, 2009.

Plaintiff further asserts that the Order which dismissed this action on August 5, 2009, is a "forgery document," as evidenced by the fact that it contains a "rubber stamp signature" of the undersigned judge.  Plaintiff is advised that the judicial signatures on Orders issued by this Court may be electronically generated, and not hand-written, because the Court uses an electronic filing system.  The August 5, 2009, Order bears such an electronic signature.  It is not a forgery and was not "rubber-stamped."

Plaintiff's final arguments pertain to the merits of his underlying claims and the conditions of his confinement at ADX subsequent to the dismissal of this case, neither of which were at issue on Defendants' Fed. R. Civ. P. 37(b)(2)(A)(v) motion to dismiss.

Plaintiff has not shown that there has been a change in the controlling law since the entry of Judgment in this case; that he possesses new, relevant evidence previously unavailable; that the entry of Judgment constituted clear error; or that alteration or amendment of the Judgment is necessary to prevent manifest injustice.  Accordingly, it is

---

[6]Motion To Alter Or Amend at 3.

ORDERED that Plaintiff's "Motion To Alter And Amend The Court Order Issued On Aug. 5, 2009, Dismissed This Action With Prejudice" (Doc. No. 401), treated as a motion to alter or amend the Judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  2nd  day of September, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court